Martin, J.
In February, 1885, the plaintiff and the defendants entered into an agreement by which the plaintiff agreed to sell, and the defendants to purchase, all the cherry lumber that should be manufactured by the plaintiff during that season. The defendants were to pay for such lumber $75 per thousand for first quality, $50 per thousand for second quality, and $20 per thousand for culls. The lumber was to be sawed as directed by the defendants, and delivered in Hew York. This agreement was made by the husband of the plaintiff as her general agent, and for her. All the cherry lumber manufactured by the plaintiff during that season was sawed as directed by the defendants, and delivered to them under the foregoing contract. There was no dispute between the parties as to any of the lumber delivered, except 4,595 *692 feet of cherry balusters, 3 by 3, and 1,404 feet of cherry balusters, 2J- by 2|, which the plaintiff delivered, and for which the defendants refused to allow more than $40 per thousand, while the plaintiff claimed that she was entitled to $75.per thousand for such as was of the first quality, and $50 per thousand for such as was of the second quality. This lumber, like the rest, was sawed as directed by the defendants. The referee found that 1,999 feet of those balusters were first quality of cherry lumber, and that the remainder (4,000 feet) were of second quality of cherry lumber; that this lumber was included in the contract between the parties; that the plaintiff was entitled to recover $109.96, the difference between the price agreed upon and-the amount allowed and paid by the defendants thereon. The findings and conclusions of the referee upon this question seem to be fairly sustained by the evidence, and should, we think, be upheld.
The defendants also charged the plaintiff with $22.80, for discount on money advanced by them to the plaintiff, and deducted that amount from the value of the lumber furnished under the contract. This deduction was based on the ground that there was an agreement that such deduction should be made, and also that it was the custom of the trade to charge 2 per cent, where such advances were made. As to the agreement, and also as to the custom, the evidence was conflicting. Upon such evidence the referee found as follows: “I fail to find that plaintiff ever agreed to pay said discount, or that she had knowledge of, or dealt with reference to, such custom. I find that defendants are indebted to plaintiff for such discount so held back in the sum of $22.80.” "We think this conclusion was justified by the evidence, and should be sustained. It was conceded on the trial that $15, one-half of the expenses of stacking lumber and loading cars, was due from the defendants to the plaintiff. The foregoing were the amounts awarded to the plaintiff by the referee. Of those amounts the judgment was made up. We cannot say say they were improperly allowed.
The defendants contend that the referee erred in admitting any of the evidence offered by the plaintiff, on the ground that a proper bill of particulars was not served in pursuance of a demand made by them. A bill of particulars of the claims relied upon by the plaintiff was served upon the defendants. What its defects were, if any, are not pointed out. When the question arose, the referee held that the evidence was admissible. There was, we think, no error in this ruling of which defendants can complain. Schulhoff’v. Association, 3 Civil Proc,, R. 412. See, also, Langdon v. Brown, 51 N. Y. Super. Ct. 367, 368; Hoag v. Weston, 10 Civ. Proc. R. 92, 94; Gebhard v. Squier, 10 N. Y. St. Rep. 255.
While we have carefully examined the other exceptions in the case, we have found none that requires special consideration, or that would justify areversal of the judgment herein. It follows, therefore, that the judgment should be affirmed, with costs. All concur.